

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

§
§
§
§
§
§
§
§
§
§
§
§
§
§

TIMOTHY JOHN YOUNG,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration,

    Defendant.

Civil Action No. 7:15-cv-00169-O-BP

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

Plaintiff Timothy John Young ("Young") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"). This case was referred to the undersigned as provided by 28 U.S.C. § 636(b) for Findings, Conclusions, and Recommendation. For the reasons stated below, the undersigned RECOMMENDS that United States District Judge Reed O'Connor AFFIRM the Commissioner's decision.

## FINDINGS AND CONCLUSIONS

### I.    STATEMENT OF THE CASE

Young applied for DIB on February 7, 2012, alleging that his disability began on November 13, 2011. (Transcript ("Tr.") 79). Young later amended his alleged disability onset date to November 1, 2011 in an application dated February 14, 2012. (Tr. 146). The Commissioner initially denied his application on April 30, 2012 and denied it again on reconsideration on

September 19, 2012. (Tr. 81, 90). Young requested a hearing, which was held before an Administrative Law Judge ("ALJ") on June 11, 2014 by video, with Young and his attorney in Wichita Falls, Texas and the ALJ in Oklahoma City, Oklahoma. (Tr. 18). The ALJ issued a decision on August 4, 2014 finding Young not disabled. (Tr. 33).

Specifically, the ALJ employed the five-step analysis and established during step one that Young had not engaged in substantial gainful activity since November 13, 2011. (Tr. 20). At step two, the ALJ determined that Young had the severe impairments of degenerative disc disease; status post fusion; laminectomy; major depression, moderate; and drug and alcohol abuse. (Tr. 21). At step three, the ALJ found that Young did not meet or equal in combination one of the impairments listed in 20 C.F.R. Part 404(p). (Tr. 21). Particularly, the ALJ ruled that Young retained the residual functional capacity ("RFC") "to perform less than a full range of light work[,]" as defined in 20 C.F.R. § 404.1567(b), except that he could not "climb ladders, ropes, scaffolds or crawl" and "should avoid unprotected heights." (Tr. 23). At step four, the ALJ determined that Young could not perform any past relevant work. (Tr. 31). And at step five, the ALJ ruled that there were a significant number of jobs in the national economy that Young could perform. (Tr. 32).

Young sought review from the Appeals Council, which denied his request for review on October 16, 2015. (Tr. 1). The ALJ's ruling is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.    FACTUAL BACKGROUND

According to Young's pleadings, testimony at the administrative hearing, and the administrative record, Young was 48 years old on the alleged disability onset date, and 51 years old at the time of the administrative hearing. (Tr. 32). He completed a high-school level education and attained an associate's degree in applied science. (Tr. 46). His employment history included work as a furniture repairer/assembler, films operator, and delivery driver. (Tr. 72). Young asserts that his physical and mental impairments render him disabled under the SSA. (Tr. 146).

## III.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. Pt. 404. The SSA defines a disability as a "medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months" that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be presently working at any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1527. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt.

P, App. 1. 20 C.F.R. § 404.1520(d). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). Fifth, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. *Crowley v. Apfel*, 197 F.3d 197, 197-98 (5th Cir. 1999); 20 C.F.R. § 404.1520(f). "The claimant bears the burden of showing that [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Before proceeding to steps four and five, the Commissioner must assess a claimant's RFC—"the most [a claimant] can still do despite [his] limitation." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1).

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "It is more than a mere scintilla and less than a preponderance." *Id.* "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

## IV.   DISCUSSION

Young raises three issues on appeal. He claims that the ALJ failed to mention and properly weigh a treating physician's medical opinion, that the ALJ improperly rejected a treating physician's medical opinion, and that the ALJ failed to adequately explain her decision not to adopt the opinions of state agency consultants.

### A.   The Opinions of Physicians Daalon Echols, M.D. and Yogish Kamath, M.D.

Young contends that the ALJ failed to weigh, review, or even mention the opinions of his treating physician, Dr. Daalon Echols, and that the ALJ improperly rejected Dr. Yogish Kamath's medical source statement. (Plaintiff's Brief "Pl.'s Br." at 14, 18). Dr. Echols completed a physician's statement on January 31, 2012 indicating that Young was unable to work due to degenerative disc disease and radiculopathy. (Tr. 271). In 2013, Dr. Echols again reported that Young was permanently disabled due to lumbosacral radiculopathy and lumbago. (Tr. 450). Dr. Kamath reported a number of limitations that would have rendered Young disabled. (Tr. 28). Young argues that the ALJ did not give weight to the reports provided by Dr. Echols and argues the ALJ erred by rejecting Dr. Kamath's statement without performing the statutory analysis under 20 C.F.R. § 404.1527 or showing good cause.

The ALJ should give the opinion of a treating physician controlling weight if (1) medically acceptable clinical and laboratory diagnostic techniques support the opinion and (2) the opinion is not inconsistent with other substantial evidence in the record. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); 20 C.F.R. § 404.1527(c)(2). The ALJ does not need to perform a detailed factor analysis under 20 C.F.R. § 404.1527 "where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Newton*, 209 F.3d at 458 (citing *Spellman v. Shalala*, 1 F.3d 357, 365 (5th Cir. 1993) ("The Appeals

Council acted within its discretion in rejecting the treating physician's opinion that [plaintiff] could not perform sedentary work, because [the treating physician's opinion] was inconsistent with other substantial evidence in the record.")). Similarly, the ALJ need not perform a factor analysis "where the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." *Newton*, 209 F.3d at 458 (citing *Prosch v. Apfel*, 201 F.3d 1010 (8th Cir. 2000)).

The Fifth Circuit has held that "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony[,]" with recognized good cause exceptions including "statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (citing *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). Conclusory statements that a claimant is unable to work or is disabled are legal conclusions, not medical opinions, and do not merit any special significance. *See* 20 C.F.R. § 404.1527(d); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Without additional medical opinions, the ALJ must evaluate the following: (1) examining relationship, including "whether the medical opinion is from a treating source, non-treating source, or non-examining source" *Mathews v. Colvin*, No. 4:14-CV-906-BL, 2016 WL 75081, at *3 (N.D. Tex. Jan. 6, 2016); (2) treatment relationship, including length, nature, and extent of treatment relationship, along with frequency of examinations; (3) supportability; (4) consistency; (5) specialization; and (6) other factors which "tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c).

Furthermore, the ALJ need not specifically list evidence accepted and rejected in reaching her findings. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Ultimately, the determination of disability remains with the ALJ. *LeMarr v. Astrue*, No. 2:09-CV-0060, 2011 WL 4435294, at

*11 (N.D. Tex. Sept. 6, 2011), *report and recommendation adopted*, No. 2:09-CV-0060, 2011 WL 4439467 (N.D. Tex. Sept. 23, 2011). Therefore, "if there is reliable first-hand medical evidence in the record which is consistent with the ALJ's decision, it is not error under *Newton* to fail to explicitly weigh and consider the treating physician's opinion." *Barron v. Colvin*, No. 4:16-CV-014-BL, 2016 WL 3702991, at *4 (N.D. Tex. July 7, 2016). Young's burden on appeal "is not to highlight evidence that may tend to contradict the ALJ's ruling, but rather to show that there is no substantial evidence supporting that ruling" and no "conflicting first-hand medical evidence sufficient to support the ALJ's conclusions." *Id.*

Because good cause exists, the ALJ need not have given controlling weight to, or performed a factor analysis of, the opinions of Young's treating physicians Dr. Echols and Dr. Kamath, as expressed in the physician reports. (Tr. 28, 271, 450). Dr. Echols' report in 2012 indicated that Young was unable to work due to suffering from degenerative disc disease and radiculopathy. (Tr. 271). In 2013, Dr. Echols reported that Young was permanently disabled due to lumbosacral radiculopathy and lumbago. (Tr. 450). Young argues that the ALJ ignored these reports and that the case should be remanded. However, as noted above, the ALJ can disregard a treating physician's report when statements in the report are conclusory. *Leggett*, 67 F.3d at 566. Dr. Echols' statements that Young was unable to work in 2012 and was permanently disabled in 2013 are conclusory, and the ALJ can give them minimum weight. The ALJ referenced Dr. Echols' 2012 report, in which the Doctor stated that Young had normal musculature with no joint deformities, normal range of motion, and normal motor skills, but that his diagnosis was lumbosacral neuritis. (Tr. 24). The ALJ also referenced Dr. Echols' 2013 report after Young suffered two falls. (Tr. 28). The ALJ further listed her reasoning for reaching her determination, inclusive of Dr. Echols' reports. (Tr. 29-30).

As to Dr. Kamath, the ALJ noted Dr. Kamath's findings that Young could work or participate in activities to prepare for work, retained the ability to sit, stand, walk, kneel, squat, and stoop for one hour in an eight hour workday, could not lift/carry more than 10 pounds more than one hour per day, and should avoid any twisting or reaching overhead. (Tr. 28). While considering Dr. Kamath's findings, the ALJ determined both that Dr. Kamath's own office notes and the remaining credible evidence in the record did not support these findings. The ALJ particularly noted Dr. Brovender's explicit disagreement with Dr. Kamath's findings upon review of Young's medical record. (*Id.*). In reaching her conclusion, the ALJ mentioned Dr. Brovender's testimony that Young could sit six hours, stand or walk six hours, occasionally bend, stoop, and squat and should avoid climbing ladders, crawling, and unprotected heights, and that Dr. Brovender disagreed with Dr. Kamath's findings of disability. (Tr. 31).

Because other medical opinions supported the ALJ's determination, she need not have employed the five factors provided under 20 C.F.R. § 404.1527(c). As discussed above, the ALJ must apply the factors only if there is no other reliable medical evidence from another treating or examining physician. *See Newton*, 209 F.3d at 455-57. In the report, the ALJ referenced and analyzed the medical reports and findings of Drs. Kownacki, Williams, Wallace, Gupta, Kamath, and Echols. (Tr. 22-30). Dr. Kownacki found that Young was able to take care of his own personal needs, travel independently, prepare meals, handle finances, and shop for groceries, after diagnosing Young with bipolar disorder and severe back problems. (Tr. 22, 24). Dr. Williams reported that Young had some degenerative disease of the lumbar spine while both hips looked normal. (Tr. 24). Dr. Wallace found that Young suffered from bipolar disorder and pain disorder, which gave Young mild restrictions in carrying out the activities of daily living; mild difficulties in maintaining social functioning; and moderate difficulties in maintaining concentration. (Tr. 24).

8

Dr. Gupta reported that Young suffered from lumbar spondylosis and chronic radiculitis bilateral, but could still pull 20 pounds, carry 10 pounds, stand or walk with normal breaks, and had unlimited hand and foot control. (Tr. 25). Dr. Kamath found that Young showed normal range of motion, normal cognitive functions, and full strength in all muscle groups. (Tr. 27). The ALJ properly weighed all of the multiple medical opinions in rendering her findings, including the two reports from Dr. Echols and the findings of Dr. Kamath. (Tr. 27, 29-30).

Young contends that the ALJ failed to consider or properly analyze the opinions of Young's treating physicians, Drs. Echols and Kamath; however, the record does not support such a conclusion. Young argues under *Loza v. Apfel* that the ALJ could not have rejected Dr. Echols' medical opinion without explanation. However, while the ALJ must consider all medical opinions and evidence offered, she does not have to detail all of the reasons that she rejected or accepted an opinion. *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Here, Dr. Echols' medical opinions of disability consisted of conclusory statements, and the ALJ was free to give the opinions less weight than the contradictory opinions of other physicians. Additionally, Young has not met his burden of proving that substantial evidence does not support the ALJ's determination regarding the opinions of Dr. Kamath. To the contrary, the evidence proves that the ALJ considered Dr. Kamath's opinions, but determined that they were not consistent with the remaining credible evidence, including Dr. Brovender's testimony.

**B.     The Opinions of State Agency Consultants Rajat Gupta, M.D. and Edward Smith**

Finally, Young argues that the ALJ erred in failing to weigh the state agency opinion evidence from Dr. Gupta and Mr. Smith. (Pl.'s Br. at 22). Young asserts that he was prejudiced by this error and remand is required because if the ALJ had adopted these opinions, she would have found him disabled based on the Medical-Vocational Guidelines. (*Id.*).

9

In rendering findings, the ALJ must consider all medical opinions in determining the disability status of a claimant. 20 C.F.R. §§ 404.1527(b), 416.927(b). Findings of fact made by a state agency medical or psychological consultant regarding the nature and severity of an individual's impairments are treated as expert opinion evidence (from non-examining sources) at both the administrative hearing and Appeals Council levels of review. 20 C.F.R. §§ 404.1527(e), 416.927(e); SSR 96-6p, 61 Fed. Reg. 34,467 (July 2, 1996). Under Social Security Ruling 96-6p, the ALJ may not ignore state agency physician opinions, and must explain the weight given to these opinions in the ALJ's decision. SSR 96-6p, 61 Fed. Reg. 34,467. The Fifth Circuit has held that the harmless error doctrine applies in Social Security disability cases. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1998). "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). In *Hammond v. Barnhart*, 124 Fed. Appx. 847, 851 (5th Cir. 2005), the Fifth Circuit held that failure to articulate the weight given to state agency consultants was a harmless error that did not affect the ALJ's findings. Ultimately, the findings or opinions of the state agency physician are not binding on the ALJ. *Reyes v. Sullivan*, 915 F.2d 151, 154 (5th Cir. 1990) (citing *Richardson v. Bowen*, 807 F.2d 444, 448 (5th Cir. 1987)).

Here, both Dr. Gupta and Mr. Smith offered state agency opinion evidence as to Young's disability. Young contends that the ALJ's failure to specifically state the weight given to these agency opinions gives cause to remand. The record, however, does not support Young's argument. The ALJ specifically analyzed the report of Mr. Smith, who noted that Young could attend to his personal care needs, take care of his children, and drive an automobile, and who recommended that Young was disabled with a sedentary residual functional capacity as of February 22, 2013. (Tr. 26). Furthermore, the ALJ reviewed Dr. Gupta's 2011 report that stated that Young's balance

10

was intact and he had no problems walking, sitting, or standing. (Tr. 25). The ALJ's failure to state the weight given to each piece of evidence, including the reports of the two state agency consultants, is not an error that would have changed the final result.

The facts here are similar to those in *Hammond v. Barnhart*, in which the Fifth Circuit held that the ALJ's failure to state the weight given to the agency consultants was harmless error. The ALJ clearly analyzed the reports of Dr. Gupta and Mr. Smith and made her findings based on all of the available evidence. It is clear from the transcript of the hearing that the ALJ noted the opinions of Dr. Gupta and Mr. Smith, but ultimately found that Young was not disabled.

## RECOMMENDATION

Because the ALJ used the proper legal standards in reaching her determination, and because substantial evidence supports that decision, the Court RECOMMENDS that Judge O'Connor AFFIRM the Commissioner's decision.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions

11

accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **September 29, 2016** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the Judge O'Connor.

**IT IS SO ORDERED** on September 15, 2016.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

12